

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00074-CR

DAVID GENE THOMAS CONAWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1253390D

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

On May 2, 2012, David Gene Thomas Conaway pled guilty to sexual assault of a child under the age of seventeen. Adjudication was deferred, and Conaway was placed on ten years' community supervision. On December 19, 2012, the State filed a petition to adjudicate, alleging four violations of the terms of deferred adjudication. Conaway entered an open plea of true as to the first two violations, and the State waived the remaining two allegations. After a hearing, the trial court adjudicated Conaway guilty and sentenced him to twenty years' confinement.

Conaway's attorney on appeal[1] has filed a brief which states that he has reviewed the record and has found no issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel discussed the case with Conaway and told him that based on his review of the record, an "appeal would be considered frivolous." Counsel sent a copy of the brief to Conaway on May 15, 2013, along with his motion to withdraw in this case. In his letter to Conaway,

---

[1] Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

counsel advised him that he had "the right to submit a response to [the *Anders*] brief to this Court to raise any points [Conaway] felt [counsel] had missed." A pro se response has not been filed.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]

Bailey C. Moseley
Justice

Date Submitted: July 29, 2013
Date Decided: July 30, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

3